**LINCOLN LAND & MORTGAGE CO v COLUMBUS OUTDOOR ADV CO et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2830. Decided May 6, 1938

W. C. Harrison, Columbus, Fred C. Rector, Columbus, for plaintiff-appellant.

James N. Linton, Columbus, Henry J. Linton, Columbus, for defendants-appellees.

## OPINION

**By THE COURT**

The above entitled cause is now being determined de novo on plaintiff's appeal on questions of law and fact from the judgment of the Court of Common Pleas of Franklin County, Ohio.

By agreement the cause is submitted in this court on the transcript of the evidence taken before the trial court, supplemented by two additional witnesses called and interrogated on behalf of the plaintiff-appellant.

The following is a brief statement of facts, from which will appear the nature of the controversy:

Mary Jane Chennell on her decease left a last will and testament, which was duly probated. The decedent during her lifetime was the owner of two hundred (200) shares, being all the stock of the Columbus Bill Posting Company, an Ohio corporation.

Two shares of the stock had been transferred by Mrs. Chennell for the purpose of organization; one share to Erma Donaldson and one share to James N. Linton.

Miss Donaldson was the secretary of the company and Mr. Linton, its attorney.

The only part of the will pertinent to the present inquiry is Item 15 of the codicil, which is herewith set forth in full:

"Item Fifteen. I give, devise and bequeath to the following employees of The Columbus Bill Posting Company who survive me, the number of shares of the capital stock of said The Columbus Bill Posting Company set after their respective names, subject, however, to the limitation of alienation of title as hereinafter in this Item set forth.

"1. To Erma Donaldson, Fifty (50) shares.
"2. To Lillian Hood, Fifteen (15) shares.
"3. To W. R. Ortman, Forty (40) shares.
"4. To Albert Lang, Fifteen (15) shares.
"5. To Harry Wilcox, Fifteen (15) shares.
"6. To Frank Mitchell, Fifteen (15) shares.
"7. To George Stevick, Twenty-five (25) shares.
"8. To Martin Sacks, Twenty-five (25) shares.

"The total number of shares of the capital stock of the said The Columbus Bill Posting Company are Two Hundred (200). Should any of the beneficiaries in this Item named not survive me or decline to accept the stock herein bequeathed to him or her, subject to the limitation of alienation herein set forth, then in any and all

such events the shares of stock herein bequeathed to any such beneficiary who does not survive me or declines to accept the same according to the terms hereof, I hereby give, devise and bequeath, proportionally, to those beneficiaries in this Item named who do so survive me and do accept their bequests according to the terms hereof in such proportions to be determined as is demonstrated by the following example:

"That is to say and only by way of example, if a beneficiary in this Item, bequeathed Fifteen (15) shares, should not survive me, then said Fifteen (15) shares would pass as follows:

"50/185ths of Fifteen (15) shares to Erma Donaldson, 40/185ths of Fifteen (15) shares to W. R. Ortman, 15/185ths of Fifteen (15) shares to Lillian Hood and in like proportion to all beneficiaries who take under this item.

"All beneficiaries of this Item shall have the right by will to dispose of their said stock as each may see fit, but shall not have the right until the expiration of Fifteen (15) years after my death, to sell or hypothecate any of said stock so bequeathed in this item, save and except to those beneficiaries in this Item named, who survive and accept according to the terms of this Item; but if any beneficiary herein named, within said Fifteen (15) years, desires to sell his stock to any person not named in this Item, he shall first offer said stock to the other beneficiaries named in this Item who survive and accept hereunder, at the same price as offered him by such potential outside purchaser and shall give the name of said potential outside purchaser, then if such beneficiaries fail themselves, either jointly or severally within Seven (7) days after receiving said offer, to purchase said stock at said price, then and in that event said beneficiary so desiring to sell may sell to said outsider at said price, and said outsider accepts said stock within the same limitation of alienation as bound the beneficiary who so sold to him.

"Provided, further, that the beneficiaries who take under this Item, may, by unanimous consent in a stockholders' meeting, agree among themselves on the terms of alienation, and

"Provided, further, that on the issuing of said stock to said beneficiaries so taking under this Item, said stock shall have written across the face thereof. 'subject to the terms of the will and codicil of Mary Jane Chennell'."

Some time before the bringing of the action, the name of the corporation was changed to "The Columbus Outdoor Advertising Company."

Mary Jane Chennell died on the 9th day of May, 1934

On the 22nd day of November, 1934, the executor of the last will and testament of Mary Jane Chennell caused the beneficiaries of said Item 15 to assemble at the office of said defendant company, and all the beneficiaries agreed to accept the specific number of shares bequeathed to them, subject to the limitation of alienation of title as in said Item 15 set forth.

Thereupon the executor of the last will and testament and codicil thereto did surrender the two hundred (200) shares of the capital stock of said company for reissuance, in accordance with said Item 15 and said Item 15 was duly made a part of the records of said company and the officers of same were duly instructed and authorized to issue new certificates of stock to the various beneficiaries, in accordance with said Item, and in furtherance of such direction Certificate No. 42 was duly issued to Erma Donaldson, and on receipt of same the said Erma Donaldson, along with the other beneficiaries, did agree, in writing, to accept the certificates of stock which had been willed to them, subject to the provisions of said Item 15 and did acknowledge the receipt of their respective shares of stock. The said certificates of stock so issued had written across the face, in accordance with said Item 15, the following, "Subject to the terms of the will and codicil of Mary Jane Chennell."

No action was ever taken by the beneficiaries under said Item 15 wherein it was provided by the unanimous consent in a stockholders' meeting, stockholders might agree among themselves on the terms of alienation.

On October 7, 1935, Erma Donaldson served upon each and all of the stockholders of said company as of that date, and upon all beneficiaries having received stock under said will, a written notice in words and syllables as follows:

"In accordance with the provisions of the will and codicil of the late Mary Jane Chennell, under which as a beneficiary, I received Fifty (50) shares of the capital stock of The Columbus Bill Posting Company, Columbus, Ohio, I am hereby formally offering to you, for your acceptance within seven (7) days of the receipt hereof, said fifty (50) shares of stock at a

price of Fifty Thousand Dollars ($50,000.00).

"The same offer is being made this day to the other named beneficiarie" under Item Fifteen (15) of the codicil of the above mentioned will and which is also in accordance with the provisions thereof.

"I further advise, that upon failure of the named beneficiaries, either jointly or severally, to purchase said fifty (50) shares of stock at the above valuation within seven (7) days of the receipt of this offer, I shall proceed to dispose of said fifty (50) shares to William L. Arnett, and/or Lincoln Land & Mortgage Company, of Columbus, Ohio, who, as a potential outside purchaser, has made a similar offer."

"Oct. 11, 1935.
"William L. Arnett and/or
"Lincoln Land & Mortgage Co.,
"Columbus, Ohio.
"Gentlemen:

"As attorney for The Columbus Bill Posting Company there has been handed to me, a letter of Miss Erma Donaldson's dated October 7, 1935, informing certain beneficiaries under the will of the late Mary Jane Chennell that you have offered to purchase from her, for $50,000.00 cash, her fifty (50) shares of ·tock in The Columbus Bill Posting Company.

"If none of the stockholders to whom this stock has so been offered, accept the offer and you do go through with your offer by paying $50,000.00 cash for the stock in question, you, of course, will want the stock transferred and new stock issued to you promptly and this letter is for the purpose of advising you to preserve and bring with you the ·vidence showing that you did pay $50,000.00 in cash for the stock in question because without this prooof the stock can neither be transferred nor issued.

"You understand this is made necessary by reason of the terms of the will of the late Mrs. Chennell.

"Yours faithfully,
"(S) James N. Linton,
"Attorney for The Columbus Outdoor Advertising Company, formerly The Columbus Bill Posting Company."

On the 15th of November, 1935, the plaintiff company, through its representative William L. Arnett, presented said certificate of stock as issued to said Erma Donaldson to the defendant, The Columbus Outdoor Advertising Company and its officers for the purpose of having same transferred, and the officers of said defendant company declined to make such transfer in the absence of proof that the plaintiff company had paid to the said Erma Donaldson the sum of $50,000.00 for said fifty (50) shares.

On September 4, 1936, plaintiff filed its action against the defendant, praying for an order and judgment directing and commanding the defendants to accept the surrender of said certificate of stock No. 42, and to issue to plaintiff a new certificate for fifty (50) shares of stock in said company, and all other relief to which it may be entitled either in law or equity.

Plaintiff, in its petition, attacks the validity of the provisions of Item 15 of the codicil of Mary Jane Chennell, wherein provision was made restricting against alienation of said stock, on the claimed ground that the same is invalid and of no effect because wholly unreasonable and contrary to public policy and beyond the power of said testatrix to impose. As an alternative averment, the plaintiff says that notwithstanding its claim of invalidity that nevertheless Erma Donaldson complied with each and all of the provisions of said Item 15; that none of the stockholders or beneficiaries elected to purchase the stock at the price of $50,000.00 within the time prescribed; that Erma Donaldson thereafter sold and disposed of said stock to this plaintiff for the consideration of $50,000.00, following which she duly endorsed said certificate and delivered it to the plaintiff. That since said date plaintiff has been and is now the owner of said stock and holder of said certificate therefor.

Defendants in their answer, admit many of the allegations and deny others.

The question as to whether or not the provisions of the will providing options or limitation of alienation are void as against public policy in a question of law to be determined from the language of Item 15 of the codicil.

The answer specifically denies that Erma Donaldson received $50,000.00 for her stock; but, on the other hand, traded her stock for real estate within the city of Columbus. Upon this phase of the controversy the parties allege and aver as follows:

Plaintiff claims that Miss Donaldson was paid $50,000.00 in cash. As an alternative plea, it is alleged that if it should be determined that the transaction was in fact a trade, then that she received real estate of the value of $50,000.00.

It is the position of the defendant that under the language of Item 15 of the codicil nothing but cash would be a compliance with its provisions and, in the alternative, it property of value might be accepted,

that then it would be necessary to show that the property received by Erma Donaldson was of the market value of $50,000.00. The answer also contains the averment that the market value of the property received by Miss Donaldson was not of the value of $50,000.00 or any way near it.

Plaintiff counters and raises the question of law that the determination of value was wholly within the plaintiff and Erma Donaldson, or in the alternative, if market value is a test, that the property received was in fact of the value of $50,000.00.

The trial court, in a very able and well considered opinion, determined that the provisions of Item 15 of the codicil to the will of Mary Jane Chennell was not void in its provisions providing options to other beneficiaries on any contemplated sale of the stock; that the sale price of the stock would not necessarily mean cash, but would mean cash or property of the market value of $50,000.00; that the sale of the stock was not a cash sale, but was a trade for real estate, and that the market value of the real estate at the time of the transaction would not exceed $40,000.00, and plaintiff's petition was dismissed.

Very able and comprehensive briefs have been presented by counsel representing the respective parties. In additon we have the benefit of the opinion of the trial court. This opinion bears evidence of very careful consideration and an independent search for authorities in other jurisdictions. The divergence of views as to the controlling law is well defined. It can serve no useful purpose to go into an extended analysis of the many cases cited, although we have examined them for the purpose of determining which line of thought we will follow.

We start the inquiry with the well defined principle that courts will always strive to carry out testamentary provisions. This is based on the theory that owners of property should have the right to dispose of it as they see fit. If one provision of the will is repugnant to other provisions of the will, both can not stand. The reason for this rule is apparent. If a devise in fee is given and through some other provision of the will there is an attempt to prohibit the power of alienation, the latter provision can not stand, because it is inconsistent with the devise of the fee. The Legislature has provided a rule of construction that in cases of doubt the quantum of the device will be construed as the maximum rather than the minimum.

In the instant case we are unable to find any limitation on alienation. The legal effect of the language used was to give to each and every beneficiary under the will an option to buy when any beneficiary desired to sell. If the beneficiaries would not pay as much as any outside purchaser, sale then could be made without hindrance to such outside purchaser. The books are full of cases sustaining option provisions. Provision is made for such in §8673-15 GC. Of course, the provision of the Code is not effective in the instant case. In addition, we find the law to be that parties may make provisions for options by contract. The fact that all the beneficiaries under the codicil of the will of Mary Jane Chennell agreed to accept the stock with its limitations of alienation and incorporated such provisions in the minutes also endorsing on the stock certificates the legend as provided under the will, would be binding. The plaintiff before the consummation of the deal had knowledge, or at least was advised of such fact as would place them upon notice as to the option rights of other beneficiaries in the fifty shares of stock held by Erma Donaldson.

Under the facts in this case we hold that the stockholders who held their stock as beneficiaries under the will of Mary Jane Chennell had option rights in the stock held by Erma Donaldson, and that she would have no right to sell such stock to an outside purchaser without first offering it to the other beneficiary stockholders at the same price.

We cite the following cases as supporting our conclusion:

Anderson v Carey, 33 Oh St 506; see opinion.

Nicholson v Franklin Brewing Co., 82 Oh St 94.

Also see the following texts:

Fletcher Cyc. Corporations, Vol. 12, pages 221, 225. 14 Corpus Juris, pages 668, 669.

Model Clothing House et v Dickinson, 178 NW (Minn.) 957.

Bauholl et v Goldstein et, (New Jersey Eq.) 124 Atl. page 118.

Searles v Bar Harbor Banking Co., 128 Maine, 34.

Moses v Soule, 118 N. Y. S., 410.

Cowles v Cowles Realty Co., 194 N. Y. S., 546.

We also hold that the word "price" should be construed not only to include cash but

also property of equal value. In determining the question of equal value, the only standard to be followed is that of market value. Under the facts as disclosed in the record we have no difficulty in arriving at the conclusion that the deal between Erma Donaldson and the plaintiff company was not a cash transaction but was a trade of stock for real estate. The market value of the real estate at the time o. the transaction was substantially less than $50,000.00. The trial court fixed the market value at $40,-000.00. While it is true that we are hearing this case de novo, yet we are privileged to consider the trial court's analysis of values, and we adopt the figure of $40,000.00 as the maximum.

The evidence of the two witnesses taken in our court renders very little, if any, aid in determining the question o market value. Neither of these witnesses was familiar with market value. Both were experts on figuring reproduction values. The cost of reproduction might be an element to be considered, but standing alone could not be construed as synonymous to market value.

Counsel for plaintiff urge that even if the so-called restrictions are valid, that the corporation should not be permitted to make a defense since the restrictions are for the sole benefit of the beneficiary stockholders.

We are unable to follow this reasoning. The provisions of Item 15 of the will of Mary Jane Chennell were incorporated in the corporation records, as was the agreement of the beneficiaries to accept the stock subject to the restriction on alienation. In addition the legend was written on the certificates of stock when issued to the beneficiaries, which called attention by reference to the provisions of limitation contained in §15 of the codicil. Under this situation the officers of the company would not be authorized to make transfers until these conditions precedent were complied with. The obligation to show compliance would be upon the outside purchaser seeking transfer.

It is our conclusion that the plaintiff through the record presents no claim for any relief. The petition will be dismissed at plaintiff's costs.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.